■ In the Matter of EDWARD J. KELLY and JOHN P. WHALEN, Attorneys, Respondents. SAMUEL GREASON, Petitioner.— In this proceeding to discipline two attorneys for professional misconduct, petitioner moves to confirm the report of the Referee to whom this court had referred the issues for hearing and report; and each of the respondents cross-moves to disaffirm the report insofar as it sustains certain of the charges against him and to dismiss those charges. Both respondents were admitted to the Bar by this court, Kelly on May 25, 1954 and Whalen on October 20, 1954. Respondent Kelly entered private practice in 1956 after having been employed in the legal department of a casualty com-

pany. Whalen was employed as an adjuster in another casualty company from 1955 to 1962; and for some time until respondents became partners in 1958 he shared offices and handled some matters with Kelly. Whalen continued to work as an employee of the casualty company after the partnership was formed. The charges against respondents are set forth in paragraph 7 of the petition herein, labeled respectively A to F, inclusive. The Referee has found charges B and F sustained as to both respondents, charges A in part and D sustained as to Kelly and charge E sustained as to Whalen; and has found the charges otherwise not sustained. To the extent that the charges were found sustained by the Referee they are as follows: A: Kelly submitted to an insurance company a fraudulent and exaggerated lost earnings statement to support a client's claim for special damages arising out of an insured accident. B: Respondents accepted referrals of claims with resultant conflict of interest. The referrals were from adjusters and other employees of the casualty company in which Whalen was employed and from brokers, agents and assureds of the company; and the referrals were accepted by respondents while Whalen was in the employ of the company. D: Kelly withheld payment of a bill of $150 rendered for medical services to respondents' client although the client's claim had been settled for $1,675 and respondents' closing statement indicated that the bill had been paid. E: In 1962 Whalen made two loans, of $200 and $800 respectively, to an automobile repairman-appraiser for insurance companies who had previously referred several cases to respondents. F: Respondents benefited by the stirring up of litigation through referrals of claims to them by a large number of automobile repairmen, insurance company employees and insurance agents and brokers. We are in agreement with the Referee that the evidence sustains charges B and F and charges D and E to the extent reported by him as sustained. However, we find that the evidence does not sustain any part of charge A. Accordingly, petitioner's motion to confirm the report is granted, except that it is denied insofar as the report found part of charge A sustained as to respondent Kelly. Respondents' cross motions are denied, except that respondent Kelly's cross motion is granted insofar as the report found part of charge A established as to him. So much of the charges as have not been sustained, as indicated herein, are dismissed. With respect to the extent of the discipline to be imposed, we have been largely influenced by charges B and F, which reflect patterned conduct and not isolated instances of misconduct. Based upon all the facts and circumstances in the matter, it is our opinion that each respondent should be suspended from the practice of law for a period of two years. We direct the imposition of such suspension, to commence January 22, 1968. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.